



# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

May 28, 1976

The Honorable Joe C. Hanna
Chairman
Committee on Energy Resources
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Opinion No. H-830

Re: Whether a natural
gas pipeline is a common
carrier subject to Rail-
road Commission regulation.

Dear Chairman Hanna:

You have requested our opinion regarding the authority
of the Railroad Commission to regulate natural gas pipelines.
Specifically, you ask:

> 1. Whether a natural gas pipeline or
> a gas utiltity, as defined in article
> 6050, V.T.C.S., is a common carrier.
>
> 2. Whether the Railroad Commission may
> require a natural gas pipeline or a gas
> utility to transport natural gas for
> others.

Article 6050, on which your first question is premised, pro-
vides in pertinent part:

> The term 'gas utility' and 'public
> utility' or 'utility,' as used in this
> subdivision, means and includes persons,
> companies and private corporations, their
> lessees, trustees, and receivers, owning,
> managing, operating, leasing or controlling
> within this State any wells, pipe lines,
> plant, property, equipment, facility, franchise,
> license, or permit for either one or more of
> the following kinds of business:

1. Producing or obtaining, transporting, conveying, distributing or delivering natural gas: (a) for public use or service for compensation; (b) for sale to municipalities or persons or companies, in those cases referred to in paragraph 3 hereof, engaged in distributing or selling natural gas to the public; (c) for sale or delivery of natural gas to any person or firm or corporation operating under franchise or a contract with any municipality or other legal subdivision of this State; or, (d) for sale or delivery of natural gas to the public for domestic or other use.

2. Owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of way for said line has been acquired, or may hereafter be acquired by the exercise of the right of eminent domain; or if said line or any part thereof is laid upon, over or under any public road or highway of this State, or street or alley of any municipality, or the right of way of any railroad or other public utility; including also any natural gas utility authorized by law to exercise the right of eminent domain.

3. Producing or purchasing natural gas and transporting or causing the same to be transported by pipe lines to or near the limits of any municipality in which said gas is received and distributed or sold to the public by another public utility or by said municipality, in all cases where such business is in fact the only or practically exclusive agency of supply of natural gas to such utility or municipality, is hereby declared to be

> virtual monopoly and a business and
> calling affected with a public interest,
> and the said business and property
> employed therein within this State shall
> be subject to the provisions of this law
> and to the jursidiction and regulation
> of the Commission as a gas utility.
>
> Every such gas utility is hereby
> declared to be affected with a public
> interest and subject to the jurisdiction,
> control and regulation of the Commission
> as provided herein.

Oil pipelines are by statute expressly declared to be common carriers. V.T.C.S. art. 6018. There is no such provision regarding either natural gas pipelines or gas utilities, however, and their status as common carriers is therefore determined by article 882, V.T.C.S.:

> The duties and liabilities of carriers
> in this State and the remedies against
> them, shall be the same as are prescribed
> by the common law except where otherwise
> provided by this title.

In Producers Transportation Company v. Railroad Commission of California, 251 U.S. 228 (1920), the United States Supreme Court held that a pipeline is a common carrier where it "in truth, [carries] oil for all producers seeking its service; in other words, for the public." 251 U.S. at 232. Whether the actual business conducted by a pipeline is that of a common carrier is a question of fact. Associated Pipeline Co. v. Railroad Commission of California, 169 P. 62, 63-64 (Cal. 1917), aff'd, sub. nom. Producers Transportation Company v. Railroad Commission of California, 251 U.S. 228 (1920). See also Michigan Consolidated Gas Co. v. Sohio Petroleum Co., 32 N.W.2d 353 (Mich. 1948). Thus, it is our opinion that a natural gas pipeline or a gas utility is a common carrier if it holds itself out as available to transport gas to all who may desire its services. Otherwise, it is a private carrier.

However, the authority of the Railroad Commission to require a pipeline or a gas utility to transport natural gas for others does not depend upon its status as a common carrier. Article 6053, V.T.C.S., provides in pertinent part:

> Sec. 1. The Commission after due notice shall fix and establish and enforce the adequate and reasonable price of gas and fair and reasonable rates of charges and regulations for transporting, producing, distributing, buying, selling, and delivering gas by such pipe lines in this State; and shall establish fair and equitable rules and regulations for the full control and supervision of said gas pipe lines and all their holdings pertaining to the gas business in all their relations to the public, as the Commission may from time to time deem proper; and establish a fair and equitable division of the proceeds of the sale of gas between the companies transporting or producing the gas and the companies distributing or selling it; and prescribe and enforce rules and regulations for the government and control of such pipe lines in respect to their gas pipe lines and producing, receiving, transporting, and distributing facilities; and regulate and apportion the supply of gas between towns, cities, and corporations, and when the supply of gas controlled by any gas pipe line shall be inadequate, the Commission shall prescribe fair and reasonable rules and regulations requiring such gas pipe lines to augment their supply of gas, when in the judgment of the Commission it is practicable to do so; and it shall exercise its power, whether upon its own motion or upon petition by any person, corporation, municipal corporation, county, or Commissioners precinct showing a substantial interest in the subject, or upon petition of the Attorney General, or of any County or District Attorney in any county wherein such business or any part thereof may be carried on.

In *Railroad Commission of Texas v. City of Austin*, 524 S.W.2d 262 (Tex. Sup. 1975), the Supreme Court held that

> the Commission has jurisdiction to
> regulate and apportion the sales and
> disposition of gas owned by each gas
> utility, so as to protect the public
> interest. 524 S.W.2d at 280.

The Supreme Court held that while the Commission lacks jurisdiction over the disposition of gas not owned by the gas utility through whose pipeline it is being transmitted, it has full authority over the pipeline itself, and it may "require a utility to deliver gas to several cities and corporations in amounts at variance with their contracts." *Id.* at 281. Thus, it would appear that, provided the owner of the gas is a gas utility, the Commission may require a gas pipeline to transport natural gas for others.

In most instances, such a pipeline would be embraced within the definition of "gas utility" in article 6050. In any event, by the terms of article 6053, the Commission is granted full authority over pipelines regardless of whether they may be deemed to be gas utilities. It is therefore our opinion that, provided the owner of the gas is a gas utility, the Railroad Commission may require a natural gas pipeline to transport natural gas for others.

### S U M M A R Y

> Whether a natural gas pipeline or a gas
> utility is a common carrier depends upon
> whether it holds itself out as available
> to transport gas to all who may desire its
> services. Provided the owner of the gas
> is a gas utility, the Railroad Commission
> is empowered to require a natural gas
> pipeline to transport natural gas for others.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb